

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 21, 1990

Dr. W. N. Kirby
Commissioner of Education
Texas Education Agency
1701 North Congress Ave.
Austin, Texas  78701-1494

Opinion No.  JM-1272

Re:  Meaning  of  "commercial driver-training  school"  and "driver-training  instructor" under  article  4413(29c), V.T.C.S.  (RQ-2148)

Dear Dr. Kirby:

You have requested our opinion as to whether the American Association of Retired Persons [hereafter AARP] may offer driver safety courses without complying with the requirements of article 4413(29c), V.T.C.S.  Section 2 of that statute provides:

> No person, firm, association, partnership or corporation shall operate a commercial driver-training school unless a certificate of approval for the commercial driver-training school has been secured under the Texas Proprietary School Act (Chapter 32, Education Code), provided that training or classes conducted by colleges, universities, high schools, and junior high schools for students as part of the normal program for such institutions shall be exempt.

"Commercial driver-training school" or "school" is defined in section 1(a) as

> any enterprise conducted by an individual, association, partnership, or corporation, for the education and training of persons, either practically or theoretically, or both, to operate or drive motor vehicles <u>and charging a consideration or tuition for such services</u>. (Emphasis added).

Before September 1, 1989, the Department of Public Safety regulated the licensing of commercial driver-training schools and instructors.  Since that date, the Texas Education Agency has been the regulating agency, and section 16

Mr. W. N. Kirby - Page 2 (JM-1272)

provides that any reference in the statute "to the Department is a reference to the agency."[1]

You indicate that the AARP offers a driver safety course to its members and to other persons over the age of 50, at a charge of $8.00, for the purpose of ticket dismissal and insurance discounts. When the Department of Public Safety was the regulating agency, it did not require the AARP or its instructors to obtain a license. The department did so despite a 1970 attorney general opinion addressed to the department stating that driver-training programs conducted by non-profit organizations were subject to the licensing requirement even if the organization charged only a nominal fee. Attorney General Opinion M-682 (1970).

The AARP contends that it should retain its exempt status because 1) it is a non-profit organization; 2) it charges no "tuition" but only a nominal fee to cover course costs; and 3) its instructors teach on a non-salaried volunteer basis, are reimbursed only for the expenses of mileage, photocopying and telephone calls, and receive a meal allowance of $5.00 for each of the two days of instruction.

Those arguments were rejected in Attorney General Opinion M-682, and we affirm the conclusions of that opinion. The definition of "commercial driver-training school," supra, is applicable to any entity that charges "a consideration or tuition" for its services. Section 312.002(a) of the Government Code declares that words in a statute "shall

------

1. In order to effect the transfer of regulatory authority, section 4.30 of the 1989 amendatory act provides:

The provider of a driver safety course approved by the Department of Public Safety may not continue the course after October 1, 1989, unless the provider files on or before that date an application for a certificate of approval under Chapter 32, Education Code. If the provider files an application on or before that date, the provider may continue the course during the period that the application is pending.

Acts 1989, 71st Leg., ch. 813, § 4.30, at 3709.

be given their ordinary meaning." Whether AARP makes a profit on its $8.00 fee is irrelevant for purposes of whether that charge is deemed "consideration or tuition." The fact remains that the AARP imposes the charge, and the statute contains no exemption for entities that do not make a profit on the instructional enterprise.

Nor does the construction formerly placed on article 4413(29c) by the Department of Public Safety act to exempt the AARP from its scope. Although a departmental interpretation of a statute may be useful when the statute is ambiguous, the interpretation will not be followed when it is contrary to the plain words of the statute. Brown Express, Inc. v. Railroad Comm'n, 415 S.W.2d 394, 397 (Tex. 1967); Citizens Nat'l Bank v. Calvert, 527 S.W.2d 175 (Tex. 1975); see also Commissioner of Ins. v. Allstate Ins. Co., 579 S.W.2d 553, 557 (Tex. Civ. App. - Austin 1979, writ ref'd n.r.e). A clearly erroneous statutory construction by an administrative agency carries no weight. Texas & New Orleans Railroad Co. v. Thompson, 284 S.W.2d 402 (Tex. Civ. App. - Austin 1955, writ ref'd n.r.e.). This is particularly true when the agency interpretation was contrary to an attorney general opinion issued to that agency. We conclude that the AARP is not exempt from the definition of "commercial driver-training school" in section 1(a) and thus must comply with the requirements of section 2 in order to operate such a school.

You also ask whether an AARP instructor, under the circumstances described, is subject to the licensing requirement set out in section 5 of article 4413(29c):

> No person shall teach or give driver-training for hire or for tuition, either as an individual or in a commercial driver-training school, or any phase of driver-training or education after January 1, 1968, unless a license as a driver-training instructor or supervisory driver-training instructor has been secured from the Department, provided that instructors in classes conducted by colleges, universities, high schools, and junior high schools for regularly enrolled students as a part of the normal program for such institutions shall be exempt.

We understand you to ask about a situation in which an individual pays to receive driver training but the

individual who provides the instruction receives no compensation.[2] Your question is whether the instructor in that situation teaches "for hire or for tuition."

In that context, the language "for hire or for tuition" is susceptible to two interpretations. One is that an individual who receives no compensation is not teaching for hire or for tuition. The other interpretation is that as long as the person receiving instruction has paid for that instruction, the teacher is teaching for hire or tuition. The latter interpretation, we think, better serves the purpose of article 4413(29c).

We think the legislature intended article 4413(29c) to protect consumers. The act contemplates that a consumer who pays for driver training will receive a certain standard of training. Allowing schools that must be licensed to use unlicensed instructors contravenes that purpose. We conclude, therefore, that an instructor who teaches driver training to a person who has paid to receive driver training teaches "for hire or for tuition" and is subject to licensing under section 5 of article 4413(29c).

## S U M M A R Y

A private, non-profit organization that charges an $8.00 fee for driver safety instruction, and an instructor therefor, fall within the ambit of "commercial driver-training school" and "driver-training instructor" and thus must comply with the requirement of article 4413(29c), V.T.C.S., which regulates such operations.

Very truly yours,

JIM MATTOX
Attorney General of Texas

---

2. On the facts you present, the AARP instructors are not uncompensated since they receive a meal allowance.

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin and Sarah Woelk
Assistant Attorneys General